Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

07 CV     5807

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARCO BORGRA and SERGIO BORGRA,                      :
ALFREDO CARLOS ALZAGA, MIGUEL ALBERTO                :
BALESTRINI, BIBIANA DELLA FLORA and                  :
MARIA ISABEL BALESTRINI, MARCO BORGRA                :
and DONATELLA ZANOTTI FRAGONARA,                     :   07 CV____ (TPG)
MARIANA NOEMI TAUSS, ATILIO LUIS                     :
POCOSGNICH, ALICIA BEATRIZ GRACIAN and                :
CAROLINA POCOSGNICH, ALEJANDRO R. LUPPI              :   **COMPLAINT**
AND BEATRIZ MARTI RETA and HORACIO                   :
TOMAS LIENDO,                                        :
                                                     :
                         Plaintiffs,                 :
                                                     :
              -against-                              :
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                         Defendant.                  :
------------------------------------------------------------------ x

JUN 19 2007

    Plaintiffs, by their attorneys, Dreier LLP, for their Complaint allege as follows:

**The Parties**

    1.    Plaintiffs Marco Borgra and Sergio Borgra (together, "Borgra") are citizens of Italy. Borgra acquired a certain bond, ISIN No. US040114GD65, issued by defendant The Republic of Argentina (the "Republic") pursuant to a Fiscal Agency Agreement, dated as of

October 19, 1994 (the "1994 Fiscal Agency Agreement"), in the principal amount of $40,000. A copy of the 1994 Fiscal Agency Agreement is annexed hereto as Exhibit A.

2. Plaintiff Alfredo Carlos Alzaga is a citizen of the Republic. Mr. Alzaga acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $264,100.

3. Plaintiffs Miguel Alberto Balestrini, Bibiana Della Flora and Maria Isabel Ballestrini (collectively, "Balestrini") are citizens of the Republic. Balestrini acquired a certain bond, ISIN No. US040114AR16, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $100,000.

4. Plaintiffs Marco Borgra and Donatella Zanotti Fragonara (together, "Fragonara") are citizens of Italy. Fragonara acquired a certain bond, ISIN No. US040114GD65, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $75,000.

5. Plaintiff Mariana Noemi Tauss is a citizen of the Republic. Ms. Tauss acquired certain bonds, ISIN Nos. US040114GD65 and US040114AR16, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amounts of $9,000 and $80,000, respectively.

6. Plaintiffs Atilio Luis Pocosgnich, Alicia Beatriz Gracian and Carolina Pocosgnich (collectively, "Pocosgnich") are citizens of the Republic. Pocosgnich acquired certain bonds, ISIN Nos. US040114AN02, US040114AR16 and US040114AV28, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amounts of $10,000, $40,000 and $20,000, respectively.

7. Plaintiff Alejandro R. Luppi is a citizen of the Republic. Mr. Luppi acquired a certain bond, ISIN No. XS0043120822, issued by the Republic pursuant to a Floating Rate and Exchange Agreement, dated as of December 6, 1992 (the "FRB Agreement"), in the principal amount of $54,000. The principal amount that remains due and owing is $30,240. A copy of the FRB Agreement and its exhibits are annexed hereto as Exhibits B and C, respectively.

8. In addition, Mr. Luppi acquired certain bonds, ISIN Nos. XS0043118339 and XS0043119576, issued by the Republic pursuant to a USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA"), in the principal amounts of $26,000 and $98,000, respectively. A copy of the DPB FAA is annexed hereto as Exhibit D.

9. Plaintiffs Beatriz Marti Reta and Horacio Tomas Liendo (together, "Reta") are citizens of the Republic. Reta acquired a certain bond, ISIN No. US040114AR16, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $28,000.

10. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

12. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

### COUNT ONE

13. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-6 and 9-12 as if set forth here at length.

14. As set forth above, plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta acquired certain bonds issued by the Republic to the 1994 Fiscal Agency Agreement (the "1994 Bonds") and continue to own those bonds.

15. Pursuant to Section 22 of the 1994 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

16. Pursuant to Section 12 of the 1994 Fiscal Agency Agreement, the following, *inter alia*, are defined as "Events of Default:"

> (a)  Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
> (d)  Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

17. Paragraph 12 of the 1994 Fiscal Agency Agreement further provides that following either of the foregoing Events of Default, a note holder, *i.e.*, plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta, may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

18. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1994 Bonds.

19. By reason of the foregoing, there has been an Event of Default on the 1994 Bonds, and the Republic is in breach of its obligations under the 1994 Fiscal Agency Agreement.

20. In accordance with paragraph 12 of the 1994 Fiscal Agency Agreement, by letters dated June 19, 2007, plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta provided the Republic with written notice that they were declaring the principal and interest on the 1994 Bonds to be due and payable immediately.

21. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest to plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta.

22. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta and is liable for damages in an amount to be determined at trial, plus interest.

## COUNT TWO

23. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 7 and 10-12 as if set forth here at length.

24. As set forth above, plaintiff Mr. Luppi acquired a certain bond issued by the Republic pursuant to the FRB Agreement and the Exhibits annexed thereto. In particular, Mr. Baccanelli acquired a certain Registered FRB Bond (the "FRB Bonds").

25. Section 9 of the "Form of Bearer Floating Rate Bond" (the "Bearer Bond Form"") defines "Events of Default" to include, *inter alia*, the following:

    (a)    interest on any Bond is not paid when due and such default continues for a period of at least 30 days; and

* * * *

  (e)  Argentina declares a moratorium with respect to the payment of principal of, or interest on, Publicly Issued External Indebtedness of Argentina.

26. In Section 17 of the Bearer Bond Form, the Republic expressly agreed to submit to the jurisdiction of this Court in connection with "any suit, action or proceeding arising out of or relating to" the FRB Bonds. The Republic also (i) appointed Banco de la Nacion Argentina as its agent for service of process, and (ii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

27. Similarly, in the FRB Agreement, the Republic also (i) expressly agreed to submit to the jurisdiction of this Court; (ii) appointed Banco de la Nacion as its agent for service of process; and (iii) agreed to waive any claim of immunity, including but not limited to sovereign immunity. *See* FRB Agreement at § 6.07.

28. In connection with the FRB Bond, the Republic has failed to make the following payments to Mr. Luppi: payments on March 31, 2002, September 30, 2002, March 31, 2003, September 30, 2003, March 31, 2004, September 30, 2004 and March 31, 2005, each in the amount of $4,320.

29. By reason of the foregoing, there has been an Event of Default on the FRB Bonds, and the Republic has materially breached its obligations to Mr. Luppi.

## COUNT THREE

30. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 8 and 10-12 as if set forth here at length.

31. As set forth above, plaintiff Mr. Luppi acquired certain bonds issued by Argentina pursuant to the DPB FAA (the "DPB Bonds") and continues to own those bonds.

32. Pursuant to Section 16 of the DPB FAA, Argentina (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

33. Pursuant to the "Form of Discount Bond and Par Bond," which is annexed as Exhibit 1 to the Collateralized Discount Bond and Par Bond Exchange Agreement, dated as of December 6, 1992, annexed hereto as Exhibit E (the "1992 Bond Form"), the following, *inter alia*, are defined as "Events of Default:"

> (a) interest on any Bond is not paid when due and such default continues for a period of at least 30 days; or
>
> (b) Argentina fails to pay the principal amount of any Bond called for redemption when due for a period of 15 days; or
>
> . . .
>
> (d) Argentina defaults in the performance of any other obligation contained in the Bonds or the other Principal Bond Agreements relating to the Bonds and such default shall continue for a period of 90 days dafter written notice thereof shall have been given to Argentina at the office of the Fiscal Agent by any registered holder; or
>
> (e) (i) the holders of 25% or more in aggregate outstanding principal amount of any issue or series of Publicly Issued External Indebtedness of Argentina or any Designated Argentine Governmental Agency (including any Other Bonds), as a result of any failure to pay the principal of, or interest on, such Publicly Issued External Indebtedness, accelerate such Publicly Issued External Indebtedness or declare such Publicly Issued External Indebtedness to be due and payable, or required to be prepaid (other than by a regularly scheduled required prepayment), prior to the stated maturity thereof and such acceleration, declaration or prepayment shall not have been annulled or rescinded within 30 days thereof or (ii) Argentina or any Designated Argentine Governmental Agency fails to pay the principal of any such Publicly

>   Issued External Indebtedness when due (after expiration of any applicable grace period), or (iii) Argentina fails to pay any interest when due under any Other Bonds (after expiration of any applicable grace period); or
>
>   (f)   Argentina declares a moratorium with respect to the payment of principal of, or interest on, Publicly Issued External Indebtedness or Argentina . . . .

1992 Bond Form at pp. 24-25.

34.   The 1992 Bond Form further provides that "if such [Event of Default] is continuing, registered holders of 25% or more in aggregate outstanding principal amount of the [DPB] Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the [DPB] Bonds immediately due and payable," together with all accrued interest. *See* 1992 Bond Form at p. 26.

35.   In or about December 2001, Argentina declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the DPB Bonds.

36.   Since December 2001, Argentina has failed to make any payment of principal or interest to plaintiff Mr. Luppi.

37.   In or about February 13, 2007, pursuant to Section 10(e) of the 1992 Bond Form, the Fiscal Agent communicated to the holders of the DPB Bonds that the Fiscal Agent received written communication from the holders of more than 25% of the principal amount outstanding of the DPB Bonds and have declared such bonds immediately due and payable (the "Notice"). A true and correct copy of the Notice is annexed hereto as Exhibit F.

38.   By reason of the foregoing, there has been an Event of Default on the DPB Bonds, and Argentina is in breach of its obligations under the DPB FAA.

39. By reason of the foregoing, Argentina has breached its contractual obligations to plaintiff Mr. Luppi and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiffs demand judgment as follows:

i. On Count One, awarding plaintiffs Borgra, Mr. Alzaga, Balestrini, Fragonara, Ms. Tauss, Pocosgnich and Reta damages against the Republic in an amount to be determined at trial, plus interest;

ii. On Count Two, awarding plaintiff Mr. Luppi damages against the Republic in an amount to be determined at trial, plus interest;

iii. On Count Three, awarding plaintiff Mr. Luppi damages against the Republic in an amount to be determined at trial, plus interest;

iv. Awarding plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
June 19, 2007

**DREIER LLP**

By: _____
Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*