Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARCO BORGRA, *et al.*,                             :
                                                    :   07 CV 5807 (TPG)
                               Plaintiffs,          :
                                                    :   **STATEMENT OF**
             -against-                              :   **MATERIAL FACTS**
                                                    :   **PURSUANT TO**
THE REPUBLIC OF ARGENTINA,                          :   **LOCAL RULE 56.1**
                                                    :
                               Defendant.           :
------------------------------------------------------------------ x

Pursuant to Local Rule 56.1, plaintiffs submit the following Statement of Material Facts as to which there is no genuine issue to be tried:

1. Plaintiffs acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continue to own them. *See* the accompanying declarations of Alfredo Carlos Alzaga, dated January 4, 2008 (the "Alzaga Dec."); Miguel Alberto Balestrini, dated December 31, 2007 (the "Balestrini Dec."); Marco Borgra, both dated December 20, 2007 (the "Borgra Dec."); Mariana Noemi Tauss, dated December 14, 2007 (the "Tauss Dec."); Horacio Tomas Liendo, dated December 19, 2007 (the "Liendo Dec."); Atilio Luis Pocosgnich, dated January 29, 2008 (the "Pocosgnich Dec."); and Alejandro R. Luppi, dated December 12, 2007 (the "Luppi Dec."). These declarations and the accompanying exhibits establish the following:

- Plaintiff Alfredo Carlos Alzaga's current ownership of Bonds issued by Argentina pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") in the aggregated principal amount of $264,100 having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiffs Miguel Alberto Balestrini, Bibiana Della Flora, and Maria Isabel Balestrini's (together, "Balestrini") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $100,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiffs Donatella Zanotti Fragonara and Marco Borgra's (together, "Borgra") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $75,000 having the ISIN No. US040114GD65 and CUSIP No. 040114GD6.

- Plaintiffs Sergio and Marco Borgra's (together, "Borgra") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $40,000 having the ISIN No. US040114GD65 and CUSIP No. 040114GD6.

- Plaintiff Mariana Noemi Tauss' current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $9,000 having the ISIN No. US040114GD65 and CUSIP No. 040114GD5 and (ii) $80,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiffs Beatriz Marti Reta and Horacio Tomas Liendo's (together, "Liendo") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amount of $28,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiffs Alicia Beatriz Gracian, Carolina Pocosgnich and Atilio Luis Pocosgnich's (together, "Pocosgnich") current ownership of Bonds issued by Argentina pursuant to the 1994 FAA in the aggregated principal amounts of (i) $10,000 having the ISIN No. US040114AN02 and CUSIP No. 040114AN0; (ii) $40,000 having the ISIN No. US040114AR16 and CUSIP No. 040114AR1; and (iii) $20,000 having the ISIN No. US040114AV28 and CUSIP No. 040114AV2.

- Plaintiff Alejandro R. Luppi's current ownership of Bonds issued by Argentina pursuant to (i) the Floating Rate Bond Exchange Agreement, dated December 6, 1992 (the "FRB Agreement") in the aggregated principal amount of $54,000 having the ISIN No. XS0043120822; and (ii) the USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA") in the aggregated principal amounts of

(a) $26,000 having the ISIN No. XS0043118339, and (b) $98,000 having the ISIN No. XS0043119576.

**A.    The Bonds**

2.    Argentina issued the Bonds pursuant to three different agreements: (i) a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") (a copy of the 1994 FAA is annexed to the Complaint as Exhibit A); (ii) a Floating Rate Bond Exchange Agreement, dated as of December 6, 1992, and the Exhibits annexed thereto (the "FRB Agreement") (a copy of the FRB Agreement and the Exhibits thereto are annexed to the Complaint as Exhibits B and C, respectively); and (iii) a USD Discount Bond and Par Bond Fiscal Agency Agreement, dated as of April 7, 1993 (the "DPB FAA") (a copy of the DPB FAA, and the Form of Discount Bond and Par Bond, which is annexed as Exhibit 1 to the Collateralized Discount Bond and Par Bond Exchange Agreement, dated as of December 6, 1992 (the "1992 Bond Form") are annexed to the Complaint as Exhibits D and E, respectively), among others.

3.    In each of those agreements, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) the agreement and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl., Ex. A at §§ 22, 23; Ex. B at § 6.07; Ex. D at § 16.

4.    Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl., Ex. A at § 12; Ex. C, Exhibits 1A, 1B, § 9; Ex. E at Ex. 1, pp. 24-26.

5.    Section 12 of the 1994 FAA further provides that following either of the

foregoing events of default, a note holder, such as plaintiffs herein, may give Argentina written notice and declare the principal amount of such Securities held by them to be due and payable immediately. *See* Compl., Ex. A at § 12. In addition, Section 10 of the Form of Discount Bond and Par Bond further provides that following either of the foregoing events of default, "registered holders of 25% or more in aggregate outstanding principal amount of the [DPB] Bonds may, by written demand to Argentina at the office of the Fiscal Agent, declare the [DPB] Bonds immediately due and payable," together with all accrued interest. *See* Compl., Ex. E at Ex. 1, p. 26.

**B.    Argentina's Default On The Bonds**

6.     On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due plaintiffs. *Mazoral v. Republic of Argentina*, No. 04 Civ. 3313 (TPG), 2006 WL 1211146, at *1 (S.D.N.Y. May 5, 2006) (the "*Mazoral* Decision"); *Allan Applestein TTEE FBO D.C.A. Grantor Trust v. The Republic of Argentina*, No. 02 Civ. 4124 (TPG), 2003 WL 2274762, at *2 (S.D.N.Y. Nov. 20, 2003) (the "*DCA* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003), *as amended by* 2003 WL 22454934 (S.D.N.Y. Oct. 27, 2003), *aff'd*, 382 F.3d 291 (2d Cir. 2004) (the "*EM Ltd.* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision").

7.     Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

8. In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued pursuant to the 1994 FAA, the FRB or the DPA FAA. Ans. at ¶¶ 21, 28, 36.[1]

9. This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes an event of default. *See Mazzini v. The Republic of Argentina*, No. 03 Civ. 8120 (TPG), 2005 WL 743090, at *3 (S.D.N.Y. Mar. 31, 2005) (the "*Mazzini* Decision") (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds); *see also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM Ltd.'s unconditional legal right to collect on the bonds").

10. By reason of Argentina's default, and in accordance with Section 12 of the 1994 FAA, by letters dated June 19, 2007, plaintiffs provided Argentina with written notice that they were declaring the principal and interest on the Bonds issued pursuant to the 1994 FAA to be due and payable. *See* Compl. at ¶ 20; *see also* Alzaga Dec. at ¶ 8; Balestrini Dec. at ¶ 8; Borgra Dec. at ¶ 8; Borgra Dec. at ¶ 8; Tauss Dec. at ¶ 8; Liendo Dec. at ¶ 8; Pocosgnich Dec. at ¶ 8.

11. Furthermore, also by reason of Argentina's default, and in accordance with Section 10(e) of the Form of Discount Bond and Par Bond, on or about February 13, 2007, the Fiscal Agent communicated to the holders of the DPB Bonds that the Fiscal Agent received written communication from the holders of more than 25% of the principal amount outstanding

---

[1] A true and correct copy of the Answer to the Complaint, dated August 20, 2007 (the "Answer" or "Ans.") is annexed to the Alter Dec. as Exhibit 2.

5

of the DPB Bonds that those holders had declared all of the DPB Bonds to be immediately due and payable (the "Notice"). *See* Luppi Dec., Ex. 5.

Dated: New York, New York
       January 31, 2008

DREIER LLP

By: _____
    Marc S. Dreier (MD-9713)
    Joel A. Chernov (JC-8789)
    Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

6