FLOATING RATE BOND FISCAL AGENCY AGREEMENT (this "Agreement"), dated as of _____, 1993, among THE REPUBLIC OF ARGENTINA ("Argentina"), CITIBANK, N.A. ("Citibank"), as Fiscal Agent, Authenticating Agent, Paying Agent, Registrar, Transfer Agent and Calculation Agent, and CITIBANK (LUXEMBOURG) S.A. ("CBL"), as Authenticating Agent, Paying Agent and Transfer Agent.

SECTION 1. GENERAL.

(a) **Bond Exchange Agreement.** Argentina has entered into a Floating Rate Bond Exchange Agreement dated as of December 6, 1992 (the "Floating Rate Bond Exchange Agreement") providing for the issuance by Argentina of Series L Floating Rate Bonds Due 2005 in registered form and in bearer form (the "Series L Bonds") and Series U Floating Rate Bonds Due 2005 in registered form and in bearer form (the "Series U Bonds"). The Series U Bonds and the Series L Bonds are hereinafter collectively referred to as the "Bonds" or the "Floating Rate Bonds". This Fiscal Agency Agreement relates to the issuance of the Bonds. Capitalized terms used herein but not otherwise defined in Annex A are used herein as defined in the Bonds.

(b) **Issuance.** The Bonds of each Series are, except as provided in Section 3, to be issued (i) in definitive bearer form, substantially in the form of Exhibit 1-A hereto (the "Bearer Bonds"), with principal coupons (the "Principal Coupons") and interest coupons (the "Interest Coupons" and, together with the Principal Coupons, the "Coupons") attached thereto and (ii) in definitive registered form, substantially in the form of Exhibit 1-B hereto (the "Registered Bonds"), without coupons. The Bonds of each Series shall be issued:

(i) in the case of definitive Bearer Bonds for each Series will be issued in denominations of $250,000 and, in the case of definitive Registered Bonds for each Series, issued in denominations of U.S.$250,000 and integral multiples thereof; provided, however, that:

(x) if the aggregate principal amount of Bonds of any Series represented by a beneficial interest in a Global Bond for such Series held by any Bondholder is less than U.S.$250,000, a definitive Bond of such Series in such principal amount (rounded downward to the nearest U.S.$1,000) will be issued to such Bondholder in exchange for such beneficial interest; and

(y) if the aggregate principal amount of definitive Bonds of any Series represented by a beneficial interest in a Global Bond for such Series is greater than U.S.$250,000 but not an integral multiple of U.S.$250,000, and such Bondholder wishes to exchange all of such beneficial interest for definitive Bonds of such Series, all but one of the definitive Bonds of such Series will be issued in denominations of U.S.$250,000 or, in the case of Registered Bonds, integral multiples thereof, and one definitive Bond of such Series will be issued in the amount in excess of U.S.$250,000 but less than U.S.$500,000, in such an amount that by itself or when added together with one or more Bonds of such Series (each in the amount of U.S.$250,000 or, in the case of Registered Bonds, integral multiples thereof) will equal the aggregate principal amount of Bonds represented by such beneficial interest and such definitive Bond or Bonds will be issued to such Bondholder in exchange for such beneficial interest; and

(ii) in the case of beneficial interests in a Global Bond, in minimum denominations of $1,000 and integral multiples thereof (rounded downward to the nearest U.S.$1,000).

The definitive Bearer Bonds and Registered Bonds of each Series shall be numbered, lettered or otherwise distinguished in such manner or in accordance with such procedures as Argentina may determine with the agreement of the Registrar.

(c) <u>Securities Act Legend</u>. Each U.S. Temporary Global Bond and all definitive Registered Bonds issued in exchange therefor prior to the first day after the second anniversary of the Exchange Date shall bear the legend set forth in the first paragraph of Exhibits 1-B and 4 hereto referred to herein as the "<u>Securities Act Legend</u>".

(d) <u>Original Issue Discount Legend</u>. If Argentina has notified the Fiscal Agent that it is necessary to affix an original issue discount legend on the Bonds and Global Bonds for any Series of Bonds, the Fiscal Agent shall affix to the face of each Bond and Global Bond, if the information referred to in the following parenthetical is provided to it, an original issue discount legend (in the form and using the amounts and dates provided by Argentina to the Fiscal Agent, which amounts to be determined by Argentina using the "applicable Federal Rate" within the meaning of Section 1274 of the United States Internal Revenue Code of 1986, as

3

amended (the "Code")), and any new Bonds issued thereafter to any holders thereof shall continue to carry such legend. The Fiscal Agent shall not have any duty to confirm any of the information for any original issue discount legend provided by Argentina.

(e) **Signatures.** The Bonds and the Coupons shall be executed on behalf of Argentina by the manual or facsimile signature of any present or future Authorized Official of Argentina. In case any person who shall have executed any Bond or Coupon shall cease to hold the office by virtue of which such person so executed such Bond or Coupon before such Bond (or the Bond to which such Coupon appertained) shall be authenticated and delivered by the Authenticating Agent, such Bond may nevertheless be authenticated and delivered as though such person had not ceased to be an Authorized Official of Argentina.

(f) **Certificate of Authentication.** Only such Bonds as shall bear thereon a certificate of authentication substantially in the form indicated on the respective Exhibits hereto executed by an Authenticating Agent by the manual signature of one of its authorized signatories shall be entitled to the benefits of this Agreement or be valid and binding for any purpose. Such certificate by the Authenticating Agent upon any Bond executed by Argentina shall be conclusive evidence that the Bond so authenticated has been duly authenticated and delivered hereunder.

SECTION 2.    APPOINTMENT OF AGENTS.

(a) **Fiscal Agent.** Argentina hereby appoints Citibank as its fiscal agent in respect of each Series of Bonds, upon the terms and subject to the conditions set forth herein (such bank or any successor appointed as fiscal agent in accordance with Section 10 is herein called the "**Fiscal Agent**"). As to each Series of Bonds, the Fiscal Agent shall have the powers and authority granted to and conferred upon it herein and in the Bonds and such further powers and authority to act on behalf of Argentina as Argentina may hereafter grant to or confer upon it with its written concurrence.

(b) **Authenticating Agents.** Argentina hereby appoints the offices specified in Section 2(h) below of Citibank in New York City and in London and of CBL as its authenticating agents in respect of each Series of Bonds, upon the terms and subject to the conditions set forth herein and in the Bonds (each of such banks or any successor appointed as the authenticating agent in accordance with

ection 10 is herein called an "Authenticating Agent"). Each uthenticating Agent shall have the powers and authority ranted to and conferred upon it herein and in each Series of onds and such further powers and authority to act on behalf f Argentina as Argentina may hereafter grant to or confer pon it with its written concurrence.

(c) Paying Agents. Argentina hereby appoints i) the offices specified in Section 2(h) below of Citibank n New York City and of CBL as its paying agents in respect f the Registered Bonds and (ii) the offices specified in ection 2(h) of Citibank in London and of CBL as its paying gents in respect of the Bearer Bonds, upon the terms and ubject to the conditions set forth herein and in the Bonds. each such bank or any successor appointed as a paying agent n accordance with Section 10 is herein called a "Paying gent"). Notwithstanding anything to the contrary herein or n the Bonds, no Paying Agent located in the United States hall be appointed for Bearer Bonds; provided that each aying Agent shall have the powers and authority granted to nd conferred upon it herein and in the Bonds and such urther powers and authority to act on behalf of Argentina as rgentina may hereafter grant to or confer upon it with its ritten concurrence; and provided, further that Argentina hall appoint Paying Agents in the United States if payment n U.S. Dollars at all Paying Agents outside the United tates is illegal or effectively precluded by exchange ontrols or other similar restrictions on the full payment or eceipt of such amounts in U.S. Dollars.

(d) Registrar. Argentina hereby appoints Citibank s its registrar in respect of each Series of Registered onds, upon the terms and subject to the conditions set forth erein (such bank or any successor appointed as such egistrar in accordance with Section 10 is herein called the Registrar"). The Registrar shall have the power and uthority granted to and conferred upon it herein and in each eries of Registered Bonds, and such further powers and uthority to act on behalf of Argentina as Argentina may ereafter grant to or confer upon it with its written oncurrence.

(e) Transfer Agents. Argentina hereby appoints ach of the principal office of Citibank in London and the rincipal office of CBL in Luxembourg as its transfer agents n respect of the Registered Bonds, upon the terms and ubject to the conditions set forth herein (each such office r any other office appointed as transfer agent in accordance ith Section 10 is herein called a "Transfer Agent"). Each ransfer Agent shall have the powers and authority granted to

5

and conferred upon it herein and in the Bonds, and such further powers and authority to act on behalf of Argentina as Argentina may hereafter grant to or confer upon it with its written concurrence.

(f) <u>Calculation Agent</u>. Argentina hereby appoints Citibank as its calculation agent in respect of the Bonds, upon the terms and subject to the conditions set forth herein and in the Bonds (such bank or any successor appointed as calculation agent in accordance with Section 10 is herein called the "<u>Calculation Agent</u>"). The Calculation Agent shall have the powers and authority granted to and conferred upon it herein and in the Bonds and such further powers and authority to act on behalf of Argentina as Argentina may hereafter grant to or confer upon it with its written concurrence.

(g) <u>Agents</u>. The Fiscal Agent, the Authenticating Agents, the Calculation Agent, the Paying Agents, the Registrar and the Transfer Agents are hereinafter sometimes collectively called the "<u>Agents</u>" and individually an "<u>Agent</u>".

(h) <u>Offices of Agents</u>. The office of Citibank in each of its capacities as Fiscal Agent, Authenticating Agent, Paying Agent (for Registered Bonds only) and Registrar, except as provided below, is located at 120 Wall Street, 13th Floor, New York, New York 10043 (Telex: ITT International 420392 NYCTA, Answerback: FNC UI, Telex: WU Domestic 127001 NYCTA, Answerback: CITIBANK NYK, Facsimile Transmission: (212) 480-1615). The office of Citibank, in each of its capacities as Registrar, Fiscal Agent and Paying Agent for purposes of the presentation of Registered Bonds for payment or registration of transfer or exchange, is located at 111 Wall Street, New York, New York 10043 (Telex: ITT International 420392 NYWSS, Answerback: FNC UI, Telex: WU Domestic 127001 NYWSS, Answerback: CITIBANK NYK, Facsimile Transmission: (212) 825-3483). The principal office of Citibank in London, in its capacities as Fiscal Agent, Authenticating Agent, Transfer Agent and as Paying Agent, is located at 336 Strand, London WC 2R1HB, England (Telex: 896581, Answerback: CITIUKG, Facsimile Transmission: 011-44-71-234-5278), Attention: Issuer Services, except that for purposes of the presentation of Bonds for payment or registration of transfer or exchange such Transfer Agent's address is 11 Old Jewry, London EC2R 8DB, England (Telex: 896581, Answerback: CITIBKG, Facsimile Transmission: 011-44-71-438-0483). The office of CBL, in each of its capacities as Authenticating Agent, Paying Agent and Transfer Agent, is located at 16 Avenue Marie-Thérèse,

-2132 Luxembourg (Telex: 2588 CITIC LU, Answerback: [B]BKLU, Facsimile Transmission: 011-35-24-779-5770).

SECTION 3. GLOBAL AND DEFINITIVE BEARER BONDS.

(a) **Non-U.S. Offering**. (i) **Temporary Global Bearer Bonds**. The Bonds of each Series (x) to be issued originally on the Exchange Date to Purchasers that are indicated on Schedule A to the Floating Rate Bond Exchange Agreement as being Non-U.S. Purchasers or (y) to be released on each Escrow Release Date, under Section 3.04(d)(i) of the Floating Rate Bond Exchange Agreement, to the Purchasers indicated on such Schedule A as being Non-U.S. Purchasers shall be issued in bearer form and evidenced by a temporary global Bond for such Series (a "**Temporary Global Bearer Bond**"), substantially in the form of Exhibit 2A hereto.

On the Exchange Date (A) Argentina shall deliver to an Authenticating Agent in London or Luxembourg the Temporary Global Bearer Bond for each Series of Bonds in an aggregate principal amount equal to the aggregate principal amount of all Bonds of such Series to be issued on the Exchange Date to Purchasers that are indicated on Schedule A to the Floating Rate Bond Exchange Agreement as being Non-U.S. Purchasers and (B) upon appropriate instructions from or on behalf of Argentina, such Authenticating Agent shall authenticate such Temporary Global Bearer Bond. Each such Temporary Global Bearer Bond shall be (I) dated as specified in Section 5(c) hereof and duly executed on behalf of Argentina as provided in Section 1(e) hereof, and (II) upon authentication thereof, delivered outside the United States to Union Bank of Switzerland, as common depositary (the "**Common Depositary**") for Cedel, S.A. ("**Cedel**") and for Morgan Guaranty Trust Company of New York, Brussels office, as operator of the Euroclear Clearance System (the "**Euroclear Operator**"), for the account of the holders of beneficial interests therein. Argentina shall notify the Euroclear Operator and Cedel in writing of the Exchange Date, each Escrow Release Date and the Non-U.S. Global Exchange Date. If the Exchange Date is the Escrow Date, the Temporary Global Bearer Bond shall reflect an aggregate outstanding principal amount of zero.

(ii) **Transferability of Beneficial Interests in a Temporary Global Bearer Bond**. A holder of beneficial interests in the Temporary Global Bearer Bond of a Series may transfer such beneficial interests in whole or in part in accordance with the policies and procedures established by the Euroclear Operator or Cedel, as the case may be.

(iii) <u>Permanent Global Bearer Bond</u>. At the time of delivery by Argentina to an Authenticating Agent of the Temporary Global Bearer Bond for each Series, Argentina will duly execute and deliver to an Authenticating Agent in London or Luxembourg, for safekeeping and subsequent authentication and delivery to the Common Depositary in accordance with this Section 3(a), a permanent global Bond in bearer form representing Bearer Bonds of such Series substantially in the form of Exhibit 2B (a "<u>Permanent Global Bearer Bond</u>"). At the time of issuance, the Schedule to each such Permanent Global Bearer Bond shall reflect an aggregate outstanding principal amount of zero.

(iv) <u>Exchange for Permanent Global Bearer Bond</u>. On or after the Non-U.S. Global Exchange Date, the Temporary Global Bearer Bond for such Series may be endorsed from time to time by or on behalf of the Fiscal Agent or, if the outstanding principal amount reflected on the Schedule thereof reaches zero after the Closing Agent has notified the Fiscal Agent and the Euroclear Operator and Cedel that the reconciliation of Eligible Interest has been completed, surrendered to the Fiscal Agent, to reflect an exchange, in whole or in part, of beneficial interests in such Temporary Global Bearer Bond for beneficial interests in the Permanent Global Bearer Bond for such Series. To exchange its beneficial interests in the Temporary Global Bearer Bond of a Series (and obtain payments of cash held in respect of such beneficial interests) for beneficial interests in the Permanent Global Bearer Bond of such Series, such Bondholder shall deliver to the Euroclear Operator or Cedel, as the case may be, a completed certificate substantially in the form set forth in Schedule B specifying the principal amount of the beneficial interests in such Temporary Global Bearer Bond to be exchanged. Such exchange, and any other exchange provided for in this Section 3(a), shall be made free of charge.

(v) <u>Certificates Delivered in Connection with the Exchange for Permanent Global Bearer Bonds</u>. On or before the Non-U.S. Global Exchange Date, an Authenticating Agent located outside the United States shall authenticate and deliver the Permanent Global Bearer Bond for each Series to the Common Depositary outside the United States. Endorsements of the Permanent Global Bearer Bond of a Series to reflect an exchange of beneficial interests in the Temporary Global Bearer Bond of such Series for beneficial interests in such Permanent Global Bearer Bond, and payments of cash held in respect of such beneficial interests in the temporary Global Bearer Bond shall be made only upon presentation to the Fiscal Agent at its specified office in London of a certification or certifications in substantially

8

...e form of Schedule A with respect to such Temporary Global
...arer Bond or any portion thereof being exchanged, signed by
...e Euroclear Operator or Cedel, as the case may be, to the
...fect that it has received one or more certificates in
...bstantially the form set forth in Schedule B, signed by an
...count holder appearing in its records as the beneficial
...ner of interests in such Temporary Global Bearer Bond or
...ch portion.

    Any certification referred to in this Section 3(a)
...ich is delivered to the Fiscal Agent by the Euroclear
...erator or Cedel, as the case may be, may be relied upon by
...gentina and the Fiscal Agent as conclusive evidence that
...e corresponding certification or certifications of the
...neficial owners have been delivered to the Euroclear
...erator or Cedel, as the case may be, pursuant to the terms
...this Agreement and the Bonds.

    (vi) <u>Transferability of Beneficial Interests in a
...rmanent Global Bearer Bond</u>.  A holder of beneficial
...terests in the Permanent Global Bearer Bond of a Series may
...ansfer such beneficial interests in whole or in part in
...cordance with the policies and procedures established by
...e Euroclear Operator or Cedel, as the case may be.

    (vii) <u>Stock of Definitive Bearer Bonds</u>.  As soon as
...icticable, but in any event not more than 30 days after the
...change Date, and from time to time thereafter within
... days of any written request of the Fiscal Agent, Argentina
...l execute and deliver to an Authenticating Agent, in
...ndon or Luxembourg, for safekeeping and subsequent
...thentication and delivery to the Fiscal Agent or a Transfer
...nt, as the case may be, outside the United States, a stock
... definitive Bearer Bonds for each Series in such quantity
... Argentina, after consultation with the Fiscal Agent,
...ermines to be sufficient to permit the exchange of
...eficial interests in each Permanent Global Bearer Bond for
...initive Bearer Bonds of such Series in the case of the
...tial delivery of definitive Bearer Bonds after the
...change Date or as the Fiscal Agent may request in the case
... any subsequent delivery of definitive Bearer Bonds.  From
...e to time, upon instructions from the Fiscal Agent and
...gentina, an Authenticating Agent shall authenticate and
...liver definitive Bearer Bonds to the Fiscal Agent or a
...nsfer Agent.

    (viii) <u>Exchange for Definitives</u>.  A holder of a
...eficial interest in a Permanent Global Bearer Bond of a
...ies may exchange all or part of such beneficial interest
... definitive Bearer Bonds of such Series substantially in

the form of Exhibit 1A hereto by instructing the Euroclear Operator or Cedel, as the case may be, to instruct the Common Depositary to request the Fiscal Agent to effect such exchange. Such instructions shall specify the aggregate principal amount of the definitive Bearer Bonds of such Series, in an Authorized Denomination, to be delivered to such holder. Upon receipt of any such request from the Fiscal Agent to provide definitive Bearer Bonds to effect such exchange, an Authenticating Agent located outside the United States shall date and authenticate the appropriate definitive Bearer Bonds as provided herein and shall deliver such authenticated Bearer Bonds as directed by the Fiscal Agent. As soon as practicable thereafter, the Fiscal Agent shall cause such definitive Bearer Bonds to be made available to the holder of such beneficial interest at the offices of the Fiscal Agent in London or at the offices of an Authenticating Agent located outside the United States and at such time shall instruct the Common Depositary to endorse the Schedule to such Permanent Global Bearer Bond to reflect such exchange. If Argentina has not previously delivered to the Authenticating Agent a sufficient number of definitive Bearer Bonds, the Authenticating Agent shall promptly notify such Fiscal Agent and Argentina to such effect and Argentina shall deliver to an Authenticating Agent outside the United States the requisite number of duly executed definitive Bearer Bonds (with duly executed Coupons for the remaining interest and principal payments for such Bonds attached thereto) not later than the 30th day following the date of such request.

(ix) <u>Endorsements</u>. In the event that the Fiscal Agent receives instructions from the Closing Agent pursuant to Section 3.04(c)(i) of the Floating Rate Bond Exchange Agreement to instruct the Common Depositary to endorse the Schedule to the Temporary Global Bearer Bond for a Series to increase the outstanding principal amount thereof, and provided that the Fiscal Agent shall also have received instructions from the Closing Agent under Section 3.04(c)(ii) of such Exchange Agreement (with a copy of such instructions to the Escrow Agent) to make a corresponding decrease in the U.S. Temporary Escrow Global Registered Bond, the Fiscal Agent shall instruct the Common Depositary to endorse such Schedule to reflect an increase in the outstanding principal amount thereof by the aggregate principal amount specified in such instructions.

Upon the exchange of all or a portion of the Temporary Global Bearer Bond of a Series for interests in the Permanent Global Bearer Bond for such Series, the Fiscal Agent shall request the Common Depositary to endorse the Schedule to such Global Bearer Bond to reflect the principal

[amo]unt of the Temporary Global Bearer Bond so exchanged. The [Fis]cal Agent shall also request the Common Depositary to [end]orse the Schedule to the Temporary Global Bearer Bond or [the] Permanent Global Bearer Bond of a Series, as the case may [be,] to reflect (x) any cancellation of principal amounts upon [sur]render of beneficial interests in such Global Bearer Bond [pur]chased or otherwise acquired by Argentina or on its [beh]alf, (y) any delivery to a Bondholder of definitive [reg]istered Bonds of such Series in exchange for such [Bon]dholder's beneficial interests in such Permanent Global [Bea]rer Bond or Temporary Global Bearer Bond and (z) any [exc]hange by a Bondholder of its beneficial interest in a [Glo]bal Bearer Bond of any Series for a beneficial interest in [the] Non-U.S. Permanent Global Registered Bond for such [Ser]ies. The Fiscal Agent shall also request the Common [Dep]ositary to endorse the Schedule for the Permanent Global [Bea]rer Bond of a Series to reflect (1) any delivery to a [Bon]dholder of definitive Bearer Bonds of such Series in [exc]hange for such Bondholder's beneficial interests in such [Per]manent Global Bearer Bond, (2) any exchange of a [def]initive Bearer Bond of any Series (with all unmatured [cou]pons relating thereto) for a beneficial interest in the [Per]manent Global Bearer Bond for such Series and (3) any [red]emption or payment of principal amounts represented [the]reby and any payment of interest in respect of such [Per]manent Global Bearer Bond. The Global Bearer Bonds shall [not] be endorsed so as to increase or decrease the principal [amo]unt thereof, except as provided in this Agreement.

(x) <u>Certain Prohibited Exchanges</u>. Beneficial [int]erests in the Temporary Global Bearer Bond for a Series [issu]ed pursuant to this Section 3(a) may not be exchanged for [def]initive Bearer Bonds of such Series and beneficial [int]erests in the Permanent Global Bearer Bond for a Series [may] not be exchanged for interests in the Temporary Global [Bea]rer Bond for such Series. Beneficial interests in the [Tem]porary Global Bearer Bond and the Permanent Global Bearer [Bond] for a Series may not be exchanged for beneficial [int]erests in the U.S. Temporary Global Registered Bond for [such] Series.

(xi) <u>Exchange of Bearer Bonds for Registered Bonds</u>. [The] owner of a beneficial interest in the Temporary Global [Bear]er Bond or Permanent Global Bearer Bond of any Series [may] at any time, request in writing to exchange all or part [of s]uch beneficial interest for a beneficial interest in the [Non-]U.S. Permanent Global Registered Bond for such Series. [Upon] any demand for such exchange, the Fiscal Agent shall [caus]e the Non-U.S. Permanent Global Registered Bond for such [Seri]es to be increased by the aggregate principal amount so [exch]anged and the Temporary Global Bearer Bond or Permanent [Glob]al Bearer Bond of such Series which has been exchanged

therefor to be decreased in the same amount. Any owner of a beneficial interest in the Temporary Global Bearer Bond or Permanent Global Bearer Bond of such Series may also exchange its interest in such Global Bearer Bond for definitive Registered Bonds of such Series upon request, free of charge to the holder, except that a person receiving definitive Registered Bonds must bear the cost of insurance, postage, transportation and the like in the event that such person does not receive such definitive Registered Bonds in person at the offices of the Fiscal Agent.

(b) <u>Obligations Absolute</u>. None of the foregoing provisions of this Section 3 nor the provisions of any Bond shall alter or impair the obligation of Argentina, which is absolute and unconditional, to pay the principal of, and interest on, the Bonds in accordance with their terms.

(c) <u>Warranties on Deposit of Bonds</u>. Argentina represents and warrants that any Bonds it deposits under this Agreement and the certificates therefor, upon due authentication thereof by the Authenticating Agent acting under this Agreement, will be validly issued and outstanding, and that Argentina is duly authorized to deposit such Bonds and that such Bonds, when completed, delivered and duly authenticated pursuant to this Agreement, will constitute the legal, valid and binding obligation of Argentina. Such representations and warranties shall survive the deposit of such Bonds.

(d) <u>Global Bonds Entitled to Benefits</u>. Except as provided in the Temporary Global Bearer Bond for a Series or the Permanent Global Bearer Bond for a Series, such Temporary Global Bearer Bond and such Permanent Global Bearer Bond, and the Bonds evidenced thereby, shall in all respects be entitled to the same benefits under this Agreement as definitive Bearer Bonds authenticated and delivered hereunder; <u>provided</u> that the holder of a beneficial interest in a Temporary Global Bearer Bond shall not be entitled to receive payments of interest on or principal of such Temporary Global Bearer Bond.

(e) <u>Payments of Cash in the Escrow Accounts</u>. Notwithstanding anything to the contrary herein or in any Bond, payments of cash held in the Escrow Accounts that are attributable to Floating Rate Bonds in bearer form that are delivered pursuant to Section 6(k)(1)(i) hereof shall be made only in accordance with the provisions of Sections 3(a)(iv) and 3(a)(v) hereof.

SECTION 4. GLOBAL AND DEFINITIVE REGISTERED BONDS.

(a) <u>Non-U.S. Offering</u>. (i) <u>Permanent Global Registered Bonds</u>. The Bonds of each Series (x) to be issued

riginally on the Exchange Date to Purchasers indicated on
chedule A to the Floating Rate Bond Exchange Agreement as
eing Non-U.S. Persons that do not qualify as Non-U.S.
urchasers (other than those electing to receive Bonds
ursuant to Section 4(2) of the Securities Act) or (y) to be
eleased on each Escrow Release Date, under Section
.04(d)(i) of the Floating Rate Bond Exchange Agreement, to
urchasers indicated on Schedule A to the Floating Rate Bond
xchange Agreement as being Non-U.S. Persons that do not
ualify as Non-U.S. Purchasers (other than those electing to
eceive Bonds pursuant to Section 4(2) of the Securities Act)
hall be in registered form evidenced by a permanent global
ond for such Series (a "**Non-U.S. Permanent Global Registered
ond**"), substantially in the form of Exhibit 2C hereto.

On the Exchange Date (1) Argentina shall deliver to
 Authenticating Agent in London or Luxembourg the Non-U.S.
ermanent Global Registered Bond for each Series of Bonds in
 aggregate principal amount equal to the aggregate
rincipal amount of all Bonds of such Series to be issued to
urchasers indicated on Schedule A to the Floating Rate Bond
xchange Agreement as being Non-U.S. Persons that do not
ualify as Non-U.S. Purchasers (other than those electing on
ach Schedule A to receive Bonds pursuant to Section 4(2) of
he Securities Act) on the Exchange Date and (2) upon
ppropriate instructions from or on behalf of Argentina, such
uthenticating Agent shall authenticate such Non-U.S.
ermanent Global Registered Bond. Each such Non-U.S.
ermanent Global Registered Bond shall be (I) dated as
pecified in Section 5(c) hereof and duly executed on behalf
 Argentina as provided in Section 1(e) hereof and (II) upon
uthentication thereof, delivered outside the United States
o the Common Depositary on behalf of Cedel and the Euroclear
perator, for the account of the holders of beneficial
nterests therein. Argentina shall notify the Euroclear
perator and Cedel in writing of the Exchange Date and each
scrow Release Date. If the Exchange Date is the Escrow Date
he Non-U.S. Permanent Global Registered Bond shall reflect
 aggregate outstanding principal amount of zero.

(ii) <u>Stock of Definitive Bonds</u>. As soon as
racticable, but in any event not more than 30 days after the
xchange Date, and from time to time thereafter within
 days of any written request of the Fiscal Agent, Argentina
ill execute and deliver to an Authenticating Agent, in
ondon and Luxembourg, for safekeeping and subsequent
uthentication and delivery to the Fiscal Agent, the
egistrar or a Transfer Agent, outside the United States, a
tock of definitive Registered Bonds for each Series in such
uantity as Argentina, after consultation with the Fiscal
gent, determines to be sufficient to permit the exchange of
eneficial interests in each Temporary Global Bearer Bond,
ermanent Global Bearer Bond or Non-U.S. Permanent Global

13

Registered Bond for definitive Registered Bonds of such Series in the case of the initial delivery of definitive Registered Bonds after the Exchange Date or as the Fiscal Agent may request in the case of any subsequent delivery of definitive Registered Bonds. From time to time, upon instructions from the Fiscal Agent and Argentina, an Authenticating Agent shall authenticate and deliver definitive Registered Bonds to the Fiscal Agent, the Registrar or a Transfer Agent.

(iii) <u>Exchange for Definitives</u>. On or after the first Business Day occurring 30 days after the date on which the stock of definitive Bonds is received by the Fiscal Agent as provided in clause (ii) above, a holder of a beneficial interest in a Non-U.S. Permanent Global Registered Bond of a Series may exchange all or part of such beneficial interest for definitive Registered Bonds of such Series, substantially in the form of Exhibit 1B hereto, by instructing the Euroclear Operator or Cedel, as the case may be, to instruct the Common Depositary to request the Fiscal Agent to effect such exchange. Such instructions shall specify the name and address of the registered holder, the denominations of the definitive Registered Bonds of such Series, each in an Authorized Denomination, to be delivered to such holder and any other information reasonably requested by the Fiscal Agent. Upon receipt of any such request from the Fiscal Agent to provide definitive Registered Bonds to effect such exchange, an Authenticating Agent shall date and authenticate the appropriate definitive Registered Bonds as provided herein and shall deliver such authenticated Bonds as directed by the Fiscal Agent. As soon as practicable thereafter, the Fiscal Agent shall cause such definitive Registered Bonds to be made available to the holder of such beneficial interest at the offices of the Fiscal Agent in London, the Registrar or an Authenticating Agent and, at such time shall instruct the Common Depositary to endorse the Schedule to such Non-U.S. Permanent Global Registered Bond to reflect such exchange. The Registrar shall register each definitive Registered Bond in the name or names so specified by the Common Depositary. If Argentina has not previously delivered to an Authenticating Agent a sufficient number of definitive Registered Bonds, such Authenticating Agent shall promptly notify the Fiscal Agent and Argentina to such effect and Argentina shall deliver to such Authenticating Agent outside the United States the requisite number of duly executed definitive Registered Bonds not later than the 30th day following the date of such request.

(iv) <u>Endorsements</u>. In the event that the Fiscal Agent receives instructions from the Closing Agent pursuant

14

Section 3.04(c)(i) of the Floating Rate Bond Exchange
Agreement to instruct the Common Depositary to endorse the
Schedule to the Non-U.S. Permanent Global Registered Bond for
such Series to increase the outstanding principal amount thereof.
Provided that the Fiscal Agent shall also have received
instructions from the Closing Agent under Section 3.04(c)(ii)
of such Exchange Agreement (with a copy of such instructions
to the Escrow Agent) to make a corresponding decrease in the
U.S. Temporary Global Registered Bond, the Fiscal Agent shall
instruct the Common Depositary to endorse such Schedule to
reflect an increase in the outstanding principal amount
thereof by the aggregate principal amount specified in the
instructions received from the Closing Agent.

Upon the exchange of all or a portion of the
Non-U.S. Permanent Global Registered Bond of a Series for
definitive Registered Bonds for such Series, the Fiscal Agent
shall request the Common Depositary to endorse the Schedule
to such Non-U.S. Permanent Global Registered Bond to reflect
a corresponding reduction in the principal amount of such
Non-U.S. Permanent Global Registered Bond. The Fiscal Agent
shall request the Common Depositary to endorse the Schedule
to the Non-U.S. Permanent Global Registered Bond of a Series
to reflect (v) any exchange of a definitive Bearer Bond, or a
beneficial interest in a Global Bearer Bond for such Series
for a beneficial interest in the Non-U.S. Permanent Global
Registered Bond for such Series, (w) any redemption or
payment of the principal amounts represented thereby or any
cancellation of principal amounts upon surrender of
beneficial interests in such Non-U.S. Permanent Global
Registered Bond purchased or otherwise acquired by Argentina
or on its behalf, (x) any transfer of definitive Bonds of
such Series bearing the Securities Act Legend pursuant to
Rule 904 of Regulation S to a transferee that intends to hold
the Bonds so transferred through the facilities of the
Euroclear Operator or Cedel, as contemplated by Section
[ ](G) hereof, (y) any payment of interest in respect of
such Non-U.S. Permanent Registered Global Bond and (z) any
exchange by a Bondholder of definitive Registered Bonds of a
Series that do not bear the Securities Act Legend for
beneficial interests in the Non-U.S. Permanent Global
Registered Bond of such Series. The Non-U.S. Permanent
Global Registered Bonds shall not be endorsed so as to
increase or decrease the principal amount thereof, except as
provided in this Agreement.

(v) <u>Certain Prohibited Exchanges</u>. A holder of
beneficial interests in a Non-U.S. Permanent Global
Registered Bond or a definitive Registered Bond may not
exchange such beneficial interests or definitive Registered

Bonds for beneficial interests in the U.S. Temporary Global Registered Bonds, the Temporary Global Bearer Bonds, the Permanent Global Bearer Bonds or definitive Bearer Bonds. Definitive Registered Bonds of a Series that bear the Securities Act Legend may not be exchanged for an equivalent beneficial interest in the Non-U.S. Permanent Global Registered Bonds unless such definitive Registered Bonds are transferred pursuant to Rule 904 of Regulation S as contemplated by Section 7(d)(G) hereof.

(vi) <u>Transferability of Beneficial Interests in a Non-U.S. Permanent Global Registered Bond</u>. A holder of beneficial interests in the Non-U.S. Permanent Global Registered Bond of a Series may transfer such beneficial interests in whole or in part in accordance with the policies and procedures established by the Euroclear Operator or Cedel, as the case may be.

(vii) <u>Obligations Absolute</u>. None of the foregoing provisions of this Section 4(a) nor the provisions of any Bond shall alter or impair the obligation of Argentina, which is absolute and unconditional, to pay the principal of, and interest on, the Bonds in accordance with their terms.

(b) <u>U.S. Offering and Escrow Account</u>. (i) (A) <u>U.S. Temporary Global Registered Bonds</u>. The Bonds of each Series (1) to be issued originally on the Exchange Date to Purchasers indicated on Schedule A to the Floating Rate Bond Exchange Agreement as being U.S. Persons that are U.S. Purchasers or Non-U.S. Persons electing to receive Bonds pursuant to Section 4(2) of the Securities Act, and (2) to be released on each Escrow Release Date, under Section 3.04(d)(i) of the Floating Rate Bond Exchange Agreement, to Purchasers indicated on Schedule A to the Floating Rate Bond Exchange Agreement as being U.S. Persons that are U.S. Purchasers or Non-U.S. Persons electing to receive Floating Rate Bonds pursuant to Section 4(2) of the Securities Act shall be issued in registered form and evidenced by a temporary global Bond for such Series (a "<u>U.S. Temporary Global Registered Bond</u>"), substantially in the form of Exhibit 2C hereto.

On the Exchange Date, (I) Argentina shall deliver to the Authenticating Agent, in New York, the U.S. Temporary Global Registered Bond for each Series of Bonds in an aggregate principal amount equal to the aggregate principal amount of all Bonds of such Series to be issued on the Exchange Date to Purchasers indicated on Schedule A to the Floating Rate Bond Exchange Agreement as being U.S. Persons that are U.S. Purchasers or Non-U.S. Persons electing to receive Bonds pursuant to Section 4(2) of the Securities Act,

(II) upon appropriate instructions from or on behalf of
[Arg]entina, such Authenticating Agent shall authenticate such
[U.S.] Temporary Global Registered Bond. The U.S. Temporary
[Glo]bal Registered Bond shall be dated as specified in
[Sec]tion 5(c) hereof and duly executed on behalf of Argentina
[as] provided in Section 1(e) hereof and upon authentication
[the]reof delivered in New York to the Registrar to be held for
[the] benefit of the holders of beneficial interests therein.
[If] the Exchange Date is the Escrow Date, the U.S. Temporary
[Glo]bal Registered Bonds shall reflect an aggregate
[out]standing principal amount of zero.

    (B) <u>U.S. Temporary Escrow Global Registered Bond</u>.
[The] Bonds to be issued originally on the Exchange Date to the
[Esc]row Agent pursuant to Section 2.01(a)(ii) or 2.01(b)(iv)
[of] the Floating Rate Bond Exchange Agreement for the account
[of] Purchasers shall be issued in registered form and
[evi]denced by a temporary global Bond (a "<u>U.S. Temporary
[Esc]row Global Registered Bond</u>") registered in the name of the
[Esc]row Agent or its nominee, substantially in the form of
[Exh]ibit 2D hereto. On the Exchange Date, (A) Argentina shall
[del]iver to the Authenticating Agent in London or Luxembourg,
[a s]ingle U.S. Temporary Escrow Global Registered Bond in an
[agg]regate principal amount equal to the aggregate principal
[amo]unt of Bonds to be issued to the Escrow Agent on the
[Exc]hange Date and upon appropriate instructions from or on
[beh]alf of Argentina, such Authenticating Agent shall
[aut]henticate such U.S. Temporary Escrow Global Registered
[Bon]d. Each such U.S. Temporary Escrow Global Registered Bond
[sha]ll be (I) dated as specified in Section 5(c) hereof and
[dul]y executed on behalf of Argentina as provided in Section
[  ] hereof and (II) upon authentication thereof delivered to
[the] Escrow Agent to be held for the benefit of the holders of
[ben]eficial interest therein.

    (ii) <u>Stock of Definitives</u>. As soon as practicable,
[and] in any event not more than 30 days after the Exchange
[Dat]e, and from time to time thereafter within 30 days of any
[wri]tten request of the Fiscal Agent, Argentina will execute
[and] deliver to the Authenticating Agent in New York for
[saf]ekeeping and subsequent authentication and delivery to the
[Fis]cal Agent, the Registrar or a Transfer Agent, a stock of
[def]initive Registered Bonds for each Series in such quantity
[as A]rgentina, after consultation with the Fiscal Agent,
[det]ermines to be sufficient to permit the exchange of all
[ben]eficial interests in the U.S. Temporary Global Registered
[Bond] for each Series for definitive Registered Bonds of such
[Seri]es in the case of the initial delivery of definitive
[Regi]stered Bonds after the Exchange Date or as the Fiscal

Agent may request in the case of any subsequent delivery of definitive Registered Bonds.

(iii) <u>Exchange for Definitives</u>. (A) <u>U.S. Temporary Global Registered Bonds</u>. On or after the first Business Day occurring 30 days after the date on which the stock of definitive Bonds is received by the Fiscal Agent as provided in clause (ii) above, beneficial interests in the U.S. Temporary Global Registered Bond of a Series shall be exchanged for definitive Registered Bonds of such Series.

(B) <u>U.S. Temporary Escrow Global Registered Bond</u>. The Escrow Agent may not exchange any beneficial interest in respect of the U.S. Temporary Escrow Global Registered Bond for definitive Registered Bonds unless and to the extent that such exchange is necessary to obtain jurisdiction over Persons other than Purchasers claiming an interest in such Bonds in an interpleader relating to such Bonds commenced under Section 3.04 of the Floating Rate Bond Exchange Agreement.

(C) <u>Mechanics of Exchange</u>. Any Bondholder receiving a definitive Registered Bond in exchange for a beneficial interest in the U.S. Temporary Global Registered Bond or the U.S. Temporary Escrow Global Registered Bond shall specify to the Fiscal Agent the name and address of the registered holder, the denominations of the definitive Registered Bonds of such Series, each in an Authorized Denomination, to be delivered to such holder and any other information reasonably requested by the Fiscal Agent. Upon receipt of any such request from the Fiscal Agent, the Authenticating Agent shall date and authenticate the appropriate definitive Registered Bonds as provided herein and shall deliver such authenticated Bonds as directed by the Fiscal Agent. As soon as practicable thereafter, the Fiscal Agent shall cause such definitive Registered Bonds to be made available to the registered holders thereof at the offices of the Registrar in New York and at such time shall instruct Registrar to endorse the Schedule to such Global Registered Bond to reflect such exchange. The Registrar shall register each definitive Registered Bond in the name or names of the registered holders thereof. If Argentina has not previously delivered to an Authenticating Agent a sufficient number of definitive Registered Bonds, such Authenticating Agent shall promptly notify the Fiscal Agent and Argentina to such effect and Argentina shall deliver to such Authenticating Agent outside the United States the requisite number of duly executed definitive Registered Bonds not later than the 30th day following the date of such request.

(iv) <u>Endorsements</u>. (A) <u>U.S. Temporary Global [Re]gistered Bonds</u>. In the event that the Fiscal Agent [re]ceives instructions from the Closing Agent pursuant to [Se]ction 3.04(c)(i) of the Floating Rate Bond Exchange [Ag]reement to instruct the Registrar to endorse the Schedule [to] the U.S. Temporary Global Registered Bond for a Series to [in]crease the outstanding principal amount thereof, and [pr]ovided that the Fiscal Agent shall also have received [in]structions from the Closing Agent under Section 3.04(c)(ii) [of] such Exchange Agreement (with a copy of such instructions [to] the Escrow Agent) to make a corresponding decrease in the [U.]S. Temporary Global Registered Bond, the Fiscal Agent shall [en]dorse the Schedule to the U.S. Temporary Global Registered [Bo]nd to reflect an increase in the principal amount thereof [by] the amount specified in such instructions. The Fiscal [Ag]ent shall also request the Registrar to endorse the [Sc]hedule to the U.S. Temporary Global Registered Bond of a [Se]ries to reflect any exchange of a beneficial interest [th]erein for definitive Registered Bonds and any cancellation [of] principal amounts upon surrender of Bonds purchased by or [on] behalf of Argentina. The U.S. Temporary Global Registered [Bon]ds shall not be endorsed so as to increase or decrease the [pri]ncipal amount thereof, except as provided in this [Ag]reement.

(B) <u>U.S. Temporary Escrow Global Registered Bond</u>. [In] the event that the Fiscal Agent receives instructions from [the] Closing Agent pursuant to Section 3.04(c)(ii) of the [Flo]ating Rate Bond Exchange Agreement to endorse the Schedule [to] the U.S. Temporary Escrow Global Registered Bond to [dec]rease the outstanding principal amount thereof, the Fiscal [Age]nt shall endorse at the office of the Escrow Agent the [Sch]edule to such Global Bond, to reflect a decrease in the [agg]regate principal amount thereof by the amount specified in [suc]h instructions. The Fiscal Agent shall also endorse at [the] office of the Escrow Agent the Schedule to the U.S. [Tem]porary Escrow Global Registered Bond to reflect any [exc]hange of beneficial interests in such Global Bond for [def]initive Bonds pursuant to Section 4(b)(iii)(B) hereof and [wi]ll request the Escrow Agent to endorse such Schedule to [ref]lect (i) any redemption or payment of the principal [amo]unts represented thereby and (ii) any interest payments in [res]pect thereof. The U.S. Temporary Escrow Global Registered [Bon]d shall not be endorsed so as to increase or decrease the [pri]ncipal amount thereof, except as provided in this [Agr]eement.

(v) <u>Certain Prohibited Exchanges</u>. Beneficial [int]erests in a U.S. Temporary Global Registered Bond or a [def]initive Registered Bond shall not be exchanged for

interests in the Temporary Global Bearer Bonds, the Permanent Global Bearer Bonds, definitive Bearer Bonds or the Non-U.S. Permanent Global Registered Bonds.

(vi) **Obligations Absolute**. None of the foregoing provisions of this Section 4(b) nor the provisions of any Bond shall alter or impair the obligation of Argentina, which is absolute and unconditional, to pay the principal of, and interest on, the Bonds in accordance with this Agreement and such Bonds.

(c) **Warranties on Deposit of Bonds**. Argentina represents and warrants that any Bonds it deposits under this Agreement and the certificates therefor, upon due authentication thereof by the Authenticating Agent acting under this Agreement, will be validly issued and outstanding, and that Argentina is duly authorized to deposit such Bonds and that such Bonds, when completed, delivered and duly authenticated pursuant to this Agreement, will constitute the legal, valid and binding obligation of Argentina. Such representations and warranties shall survive the deposit of such Bonds.

(d) **Global Bonds Entitled to Benefits**. Except as provided in the U.S. Temporary Global Bond for a Series and this Agreement such U.S. Temporary Global Bond, and the Bonds evidenced thereby, shall in all respects be entitled to the same benefits under this Agreement as definitive Bonds authenticated and delivered hereunder; *provided* that the holder of a beneficial interest in a U.S. Temporary Global Registered Bond shall not be entitled to receive payments of principal of or interest on such U.S. Temporary Global Registered Bond.

SECTION 5.   DUTIES OF AUTHENTICATING AGENTS.

(a) **Original Issue and Subsequent Exchanges**. Each of the Authenticating Agents shall, upon delivery to it by Argentina of each Global Bond as provided in Sections 3 and 4, authenticate, by execution of each certificate of authentication appearing thereon, date and deliver such Global Bond in the manner provided in Sections 3 and 4. Each Authenticating Agent shall also authenticate, by execution of each certificate of authentication appearing thereon, date and deliver the definitive Bearer Bonds and Registered Bonds of each Series in the manner provided in Sections 3 and 4.

(b) **Replacements, Transfers or Exchanges**. At the times and in the manner specified in Sections 6 and 7, upon request by the Fiscal Agent to an Authenticating Agent for

replacement Bonds to be delivered in the event of (i) mutilation, destruction, loss or theft or (ii) transfer, exchange or partial redemption, such Authenticating Agent shall authenticate such Bonds by execution of the certificate of authentication thereon, and shall thereupon deliver such Bonds to the Fiscal Agent, the Registrar or the Transfer Agent, as so instructed by the Fiscal Agent.

(c) Dating. Each Global Bond of any Series shall be dated the earlier of the Exchange Date and March 31, 1993. Each definitive Registered Bond and Bearer Bond shall be dated the date of its authentication.

(d) Obligation of Argentina. Argentina shall execute and deliver to the Authenticating Agent Bonds in such amounts and at such times as to enable the Fiscal Agent to fulfill its responsibilities under this Agreement.

(e) Authorized Officials of Argentina. (i) From time to time Argentina will furnish the Agents with a certificate of a Certifying Officer of Argentina, certifying as to the authority, incumbency and specimen signatures of representatives of Argentina who shall be authorized to execute Bonds and to give notices under this Agreement on behalf of Argentina (each, an "Authorized Official"). Until the Agents receive a subsequent certificate from a Certifying Officer of Argentina, the Agents shall be entitled to rely on the last such certificate delivered to them for purposes of determining the Authorized Officials.

(ii) An Authenticating Agent shall not have any responsibility to Argentina to determine by whom or by what means a signature may have been affixed on any Bond to determine whether any signature is genuine or if such signature resembles the specimen signature filed with such Authenticating Agent by a Certifying Officer of Argentina. Any Bond in the form attached hereto bearing the signature of a person who is an Authorized Official on the date such signature is affixed shall bind Argentina after the authentication thereof by an Authenticating Agent, notwithstanding that such person shall have ceased to hold his or her office on the date such Bond is authenticated or delivered by such Authenticating Agent.

(f) Other Duties. The Authenticating Agent will perform the duties of the Authenticating Agent specified in this Agreement and such other duties as may be reasonably requested by Argentina to give effect to this Agreement and the Terms and Conditions of the Bonds.