63S9CILC.txt

```
63S9CILC                    Conference                         1
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
MARIA FAUSTA CILLI, ET AL.,

              Plaintiffs,

         v.                          04 CV 6594 (TPG)

THE REPUBLIC OF ARGENTINA,

              Defendant.
------------------------------x
                                     New York, N.Y.
                                     March 28, 2006
                                     3:00 p.m.
Before:

              HON. THOMAS P. GRIESA,

                                     District Judge
                     APPEARANCES

DREIER
      Attorneys for Plaintiffs
   BY: JOEL A. CHERNOV
       REGINA M. ALTER

CLEARY GOTTLIEB STEEN & HAMILTON
      Attorney for Defendant
   BY: CARMINE BOCCUZZI
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
63S9CILC                    Conference                         2
         (In open court)
         THE COURT:  What do we need to cover today?
         MR. CHERNOV:  Your Honor, Joel Chernov on behalf of
the plaintiffs.
         We're here in connection with your Honor's recent
ruling in connection with the Cilli action, and I sent your
Honor a letter asking to be heard; twofold, your Honor.
There's a statement in -- one, your Honor required that the
plaintiffs in this action provide proof of when they acquired
their bonds and that was something that your Honor said would
not be required when we were at the September 28 hearing and
Mr. Blackman said he wouldn't require it on behalf of the
Republic.
         THE COURT:  If I got it confused, I'm sorry.
```

Page 1

```
                         63S9CILC.txt
15          MR. CHERNOV:  Your Honor, what was said -- I can tell
16   you what was said at the hearing.  Mr. Blackman said as to the
17   pending motions, what I said when we had our meeting two weeks
18   ago -- I have the transcript from the September 28 hearing your
19   Honor and --
20          THE COURT:  What were we hearing?
21          MR. CHERNOV:  We were hearing at that point the
22   question of whether your Honor was going to require that the
23   Republic waive their standing argument, the argument that the
24   beneficial bond holders did not have standing; or whether you
25   were going to require the bond holders to obtain authorization
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
63S9CILC                     Conference                              3
 1   from the depository trust company before maintaining their
 2   suits.
 3          THE COURT:  My recent decision.
 4          MR. BOCCUZZI:  Your Honor, I have an extra one.  Would
 5   you like mine?  It's clean.
 6          MR. CHERNOV:  On September 28, your Honor, we were
 7   addressing that standing issue if you might recall.
 8          And what the court determined at the conclusion of the
 9   hearing was that if the Plaintiffs proved their ownership
10   satisfactorily to the Court, the Republic would waive its
11   standing defense.
12          And it was agreed that for motions going forward, the
13   proof that the court would require would be a current account
14   statement and proof of purchase of the securities or proof that
15   the plaintiffs had those securities in their accounts --
16          THE COURT:  Can we start again.  I didn't have in my
17   hand my recent decision.  Just start again, if you don't mind.
18          MR. CHERNOV:  Not at all, your Honor.  What I was
19   saying was at the September 28 hearing we were addressing the
20   question of the proof that Plaintiffs needed to come forward
21   with in order for the Republic to waive its standing argument,
22   the argument that the beneficial bond holders needed to get
23   authorization from the depository trust company.
24          And on September 28 your Honor said that for all
25   motions going forward your Honor would require two things, a
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
63S9CILC                     Conference                              4
 1   current account statement or other proof of current ownership
 2   and proof of when they acquired their bonds, proof of when the
 3   plaintiffs either bought them, or if they didn't have that
 4   proof, proof that they had the bonds in their account at the
 5   time that the Republic defaulted, December, 2001.
 6          That's what your Honor said we would require going
 7   forward.
 8          THE COURT:  For future motions.
 9          MR. CHERNOV:  Correct.
10          But what we also said was that for all pending motions
11   we would not be required to go back and supplement --
12   automatically supplement the record.
13          And at that point what we had provided your Honor was
14   account statements, current account statements.  We had not
15   provided your Honor with proof of purchase.  And for that
16   proposition, I have the transcript from the hearing on
17   September 28 and that's annexed to my letter.  And if you look
18   at page 30 and 31 of that you can see, on page 30 of the
19   transcript, Mr. Blackman said in the middle of the page:  "And
```

63S9CILC.txt
20    as to the pending motions, what I have said when we had our
21    meeting two weeks ago was that we would look at it on a
22    case-by-case basis, which we'll do and see which ones we have.
23    We want to see the confirms or other issues. We'll do it."
24    And I believe what he was saying was that for the pending
25    motions if they believed they needed to see a confirmation,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                    Conference                                  5
1     they would let us know.
2              Your Honor then stated in response to Mr. Blackman --
3              THE COURT: What page are you on?
4              MR. CHERNOV: Page 30, your Honor.
5              At the bottom your Honor says if everything is in
6     order, and I'm reading from your Honor's statement that begins
7     on line 22, "If everything is in order, according to the
8     standards I've used on pending motions, what I'm going to do is
9     to grant the motion, assuming everything is in order, subject
10    to my possible need to supplement the record in accordance with
11    what has been stipulated today. So they will not be held up
12    and we will not -- there will be no need to automatically go
13    back and supplement the record."
14             Based on that, your Honor, we did not -- based on this
15    statement by Mr. Blackman and the statement by the court, we
16    did not go back and supplement the record in the Cilli action
17    and provide your Honor with proofs of purchase. And we
18    represent the plaintiffs in --
19             THE COURT: I take it this was a pending motion.
20             MR. CHERNOV: This was a pending, fully submitted at
21    the time of this hearing, yes, your Honor. And we have six
22    other cases that are pending, still pending, your Honor, and
23    that have been pending for the longest -- more than two years
24    now. And that's our concern, is we do not want to have to go
25    back to plaintiffs, who have had motions sitting for such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                    Conference                                  6
1     significant amounts of time, and now tell them we need more
2     documents.
3              These are foreigners, your Honor. These are
4     Argentinians, Italians. Already they're losing confidence in
5     the system, in the fact that they don't understand why they
6     don't have a judgment yet. For me to go back and say we need
7     to now get more documents from you, your Honor, we submit is
8     not in accordance with what was agreed and is not fair.
9              Now your Honor said --
10             THE COURT: I would think -- what does the Republic
11    say?
12             MR. BOCCUZZI: Good afternoon, your Honor.
13             THE COURT: Do you agree?
14             MR. BOCCUZZI: As I understood the letter that
15    Mr. Chernov submitted for today's conference, he had put
16    forward three requests or statements to the court and we were
17    in agreement with them.
18             One, that plaintiffs said they were prepared to give
19    the proof of purchase for these folks, and we said that's fine.
20             Two, they said they would just attach them to a
21    declaration, a lawyer's declaration as opposed to making people
22    swear new declarations, and I said we were fine with that.
23             And three, they wanted to submit to the court a motion
24    for reconsideration that they shouldn't have to, I guess in

Page 3

```
                            63S9CILC.txt
25      other cases, put in proof of purchase.  And they set a date for
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
        63S9CILC                    Conference                              7
1       that, and I said that was fine as well.
2                I think to the extent your Honor's opinion says that
3       the need for proof of purchase is driven by the deal that was
4       struck on September 28, I think that is part correct and part
5       incorrect in that we all agreed that would be a case-by-case
6       determination.
7                I don't think the issue that your Honor identifies,
8       the need to identify when interest begins to run is precisely
9       correctly stated.
10               However, I do think there is an issue in having to
11      prove that they own the bond as of the date they accelerated.
12      Because when you accelerate the bond, that is when you say I
13      get principal and interest as of that date and then you --
14      plaintiffs have said and the way the judgments have come out in
15      this case, you get the statutory interest based on that date
16      forward in addition to the principal and interest.
17               In this case, the complaint and acceleration were in
18      August, 2004 --
19               THE COURT:  Let me just interrupt you.  Look, I have
20      handed down a bunch of decisions and I think that I have had
21      reference to this September 28 conference before.  I'll confess
22      I really didn't understand what we agreed to and I didn't
23      really completely understand the significance of whether
24      somebody was an owner as of December 24, 2001 or exact -- or
25      some later point or some earlier point.  And so in working on
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
        63S9CILC                    Conference                              8
1       this decision, I said I've got to put down something that will
2       make sense to me, and I guess it wasn't very successful, but at
3       least it made some sense to me to think of possible -- a
4       possible relation to the calculation of interest.  Now,
5       apparently that is not completely accurate.
6                What I think we ought to do, frankly, is to do this --
7       the problem is there was an appeal and the court of appeals
8       said what it said and the Republic came down from the court of
9       appeals with a -- with certain rights about standing.
10               Now, what we did after that was recognize that despite
11      getting that wonderful opinion from the court of appeals, it
12      would be preposterous to really take it seriously because if
13      the -- if the actual owners of the bonds were to insist that
14      they only -- they were the only people that had standing, they
15      would have to come in -- they would have a fiduciary obligation
16      to sue, and they weren't going to do that.  So all of this was
17      a total waste of time.
18               Now, what we ought to do is to do something that
19      simplifies all of this.  And as far as I'm concerned, all that
20      should be shown is current ownership.  And frankly, I don't
21      think we should be bothered about whether there was ownership
22      as of December 24 -- whatever it is, 2001, or whether they
23      bought later.  And I don't think we should be worried about
24      Mr. Blackman saying I'll take it on a case-by-case basis.  You
25      see that -- in writing my decision that I just came out with, I
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
        63S9CILC                    Conference                              9
                                    Page 4
```

```
                                   63S9CILC.txt
 1      didn't feel that it was terribly clear what was agreed to on
 2      September 28. But it ought to be clear, and what should be --
 3      there should be standing if the person owns the interest as of
 4      the time he sues or if it's a class action there might be
 5      another relevant time, and that should establish standing.
 6           Now, if at a later point, if it ever comes a time when
 7      the judgment -- there is a judgment and it is being enforced,
 8      there may need to be a more refined look at timing to see what
 9      is due in the way of interest and so forth. But all I want to
10      do now is to eliminate the confusion and I don't think the
11      September 28 record is terribly clear or as clear as it should
12      be. It may be clear to you. It wasn't so clear to me. I
13      don't see -- there should not be anything but complete clarity
14      as to what constitutes standing and it should be something that
15      I can use in my decisions. There will be successions of law
16      clerks and decision after decision over I'm sure a fairly
17      substantial period of time. It's possible I simply forget what
18      went on in all of this. And that's the reason it should be
19      absolutely clear-cut and simple.
20           So I would say that standing is established if
21      somebody owns the bonds or the interest at the time of suit or
22      if it's a class action then when -- obviously, the class
23      representative has to own interest at the time of suit. And as
24      far as class members, they will have to show ownership as of
25      some relevant time, but that's for future consideration.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
       63S9CILC           Conference                              10
 1           MR. CHERNOV: Your Honor, in light of your statement,
 2      in this decision --
 3           THE COURT: And I certainly will -- I really --
 4      despite what I wrote here, I think it's absurd to ask you to go
 5      back and get a lot of additional documents from your clients.
 6           MR. CHERNOV: I appreciate that, your Honor. My
 7      question to your Honor is in light of the decision, how would
 8      you like us to proceed?
 9           THE COURT: Well I want to hear, Mr. Boccuzzi, is it
10      satisfactory to simply say there is standing if there is proof
11      of ownership as of the time of suit?
12           MR. BOCCUZZI: Your Honor, as to that, the
13      agreement -- and we'll live by the agreement, it was clear from
14      Mr. Chernov -- I think we're just talking about these cases --
15      in the Cilli case, if that's how your Honor wants to proceed,
16      I'm fine with that.
17           THE COURT: I don't want some special rule for the
18      Cilli case.
19           MR. BOCCUZZI: Well in terms of pending cases.
20           THE COURT: I don't want some special rule for pending
21      cases. I wanted to rule, period. And if we have to have
22      Mr. Blackman come up, I'll have as many hearings as necessary
23      and you will waste as much of your time and your client's money
24      as you need to to get a simple rule, but that's what we're
25      going to get.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
       63S9CILC           Conference                              11
 1           MR. BOCCUZZI: Your Honor I'm on board with the simple
 2      rule. I thought the rule we had was simple.
 3           THE COURT: It is not.
 4           MR. BOCCUZZI: If I may, your Honor, if I can write to
 5      the court either today or tomorrow to confirm.
```

```
                              63S9CILC.txt
 6            THE COURT:  I want some commitment right now and if
 7   you have to go to the phone, go to the phone.  If Mr. Blackman
 8   has to come up, he'll come up.  I don't want anymore of this.
 9            MR. BOCCUZZI:  So what the court is proposing is that
10   present proof of current ownership --
11            THE COURT:  As of the time of suit.
12            MR. BOCCUZZI:  -- as of the time of suit brings the
13   deal -- brings standing.
14            The only thing I would ask your Honor, if they're
15   acceleration as of the time, if there is a wide gap, can we
16   have proof as of the time they're accelerating the bond?
17            THE COURT:  I don't understand what you're saying.
18            MR. BOCCUZZI:  Under the bond documents, a bond holder
19   decides whether they're accelerating their bond at a certain
20   time and what happens usually in these cases that you
21   accelerate your bond saying I want the principal and all
22   interest going back that's due and then they bring a lawsuit.
23   If there's a gap between the acceleration and the lawsuit,
24   here -- and I don't know if this is what your Honor was seizing
25   on -- there is no proof that they have the bond when they
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
     63S9CILC              Conference                              12
 1   accelerated; and obviously, they need to own the bond to
 2   accelerate it.  So if there was some gap here as a period of
 3   time, the time of suit is not the same as the time of
 4   acceleration.
 5            THE COURT:  I don't understand what you're saying.
 6            MR. BOCCUZZI:  When they send the letter accelerating
 7   the bond, they have -- there is no proof in the record and the
 8   in the Cilli case -- in other cases there is -- that they own
 9   the bond as of that time.  And so --
10            THE COURT:  As of what time?
11            MR. BOCCUZZI:  When they accelerated the bond.
12            THE COURT:  Who accelerated?
13            MR. BOCCUZZI:  The holder of the beneficial interest.
14   That's usually what prompts the lawsuit.
15            They send the notice of acceleration saying I am
16   demanding -- it's the standard acceleration clause, principal
17   and past interest and then they'll bring a lawsuit when they're
18   not paid the principal and past interest.  Sometimes there's a
19   gap, as there was here, and I thought this is one of the things
20   your Honor was getting at.  But I see you were more -- take a
21   step back on September 28, your Honor said there were two
22   things, the deal as to the standing and your Honor's own
23   standards as to what you will apply to get comfortable they own
24   it.
25            If your Honor just wants to look at proof of current
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
     63S9CILC              Conference                              13
 1   ownership, that's your Honor's decision and that's how you've
 2   been ruling on these cases.  The deal was a separate issue.
 3            Here they never proved that they owned the bond as of
 4   the time they accelerated and that has ramifications for CPLR
 5   interest of 9 percent that accrues as of the date of
 6   acceleration.
 7            So as I said, in this case, if your Honor wants --
 8            THE COURT:  Let's suppose an owner of an interest --
 9   and I guess we ought to be precise.  We're talking about
10   interest, right?
```

Page 6

```
                                63S9CILC.txt
11            MR. BOCCUZZI:  Yes.
12            THE COURT:  An owner of interest accelerates, whatever
13   he has to do, and he's accepted, that he does the proper thing,
14   he still owns the bond, he owns the interest, the interest is
15   still marketable, isn't it?
16            MR. BOCCUZZI:  Yes.
17            THE COURT:  So he sells it.  And so somebody buys it.
18   Doesn't the person who buys take -- subject to the -- every
19   right that the purchaser -- that the seller has?
20            MR. BOCCUZZI:  I believe so, yes, your Honor.
21            THE COURT:  Well then what --
22            MR. BOCCUZZI:  But there the right would be whether
23   you're the person who sold it or the person who bought the
24   interest, you would say I am entitled to principal and
25   accelerated interest as of the date of acceleration and then
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

                                                                    14
```
     63S9CILC                       Conference
1    going forward from that statutory interest as well.  But you'd
2    have to show that someone owned the bond and accelerated as of
3    that date.
4             THE COURT:  Well, it seems to me that -- I don't think
5    that problem occurs with your clients, does it?
6             MR. CHERNOV:  No, your Honor, it doesn't.  For one --
7    and just to back up a little, if you remember, this whole proof
8    issue to some extent was in lieu of a DTC authorization.  A DTC
9    authorization isn't at all necessarily tied into when one
10   accelerates.
11            Our clients come to us.  We, as lawyers, based on our
12   understanding and their proof to us, showing us that they are
13   owner, we accelerate it on their behalf.  Never in the four,
14   five years your Honor has had these cases has there ever been a
15   requirement that one of the plaintiffs show ownership as of the
16   date of acceleration.
17            What your Honor has always required is current proof
18   of ownership, and we've always followed that lead.  To go
19   back --
20            THE COURT:  That's what gave -- that's what I was
21   doing and then that -- there was the issue about standing and
22   this appeal.
23            MR. CHERNOV:  But the standing issue and the appeal
24   would not be at all affected -- a DTC authorization just -- and
25   we've obtained those authorizations on behalf of our -- of some
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

                                                                    15
```
     63S9CILC                       Conference
1    of our clients.  We obtained it on behalf of Mr. Applestein
2    when we were before your Honor.  That authorization doesn't say
3    that he's an owner as of any particular date.  It doesn't say
4    he's the owner as of the acceleration date.  There is no
5    connection whatsoever between that authorization and the date
6    of the acceleration.
7             MR. BOCCUZZI:  Just to be clear, your Honor, I wasn't
8    proposing that this is required by the standing deal.  I was
9    saying just as a matter of proving up ownership -- the standing
10   is a separate thing.  In terms -- and if your Honor is
11   rejecting this, then your Honor has rejected it.
12            But just in terms of proof to the court of the
13   elements of their claim, that proof that you own the bond when
14   you accelerated, it seems to be that -- I thought your opinion
15   might have been getting at that, but if it was just a confusion
```

```
63S9CILC.txt
16    over the deal --
17         THE COURT: It really wasn't.
18         MR. BOCCUZZI: Then I appreciate, your Honor --
19         THE COURT: Here's what I would think. All the bonds,
20    other than those which were turned in the exchange offer, are
21    marketable, right?
22         MR. CHERNOV: Yes, your Honor.
23         THE COURT: And if a plaintiff in a case wants to sell
24    his bonds, he can sell them. Now what it means is that he has
25    no further cause of action and the new owner would have a cause
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
63S9CILC             Conference                              16
1     of action.
2          So what I'm trying to get at is there may be events in
3     the way of purchases and sales that affect whether somebody has
4     a cause of action or doesn't have a cause of action. And if
5     somebody has bought an interest and -- from somebody who did
6     the -- took the steps to accelerate, it seems to me the
7     complaint should allege that.
8          MR. CHERNOV: Your Honor, none of the plaintiffs --
9          THE COURT: Let me just finish.
10         MR. CHERNOV: Sure.
11         THE COURT: You've got possible ways a cause of action
12    could shape up and there -- it seems to me that whatever we
13    establish as far as standing should not try to anticipate every
14    variation that could arise.
15         The one thing, it seems to me, that has to be is that
16    the person has to own the interest at the time they sue. And
17    presumably if a motion for summary judgment is made and the
18    court isn't told differently, that same person owns the bond at
19    the time the motion is made and the time the motion is granted.
20    And if a judgment is actually entered, if the court doesn't
21    have any notice to the contrary, it's assumed that the person
22    still owns the interest; otherwise, he doesn't deserve the
23    judgment. But all of that is very routine, very standard.
24         And I go back -- I don't want to be insisting on
25    something that will lead the Republic to go to the court of
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
63S9CILC             Conference                              17
1     appeals again and worry the court of appeals about standing,
2     but I do not see that there is any need for anything other than
3     ownership at the time of suit to establish standing. And I
4     think anything else we introduce could cause confusion to
5     litigants. It could cause confusion to me and, you know, the
6     law clerks coming on and so forth. And in a way that's what's
7     happened here.
8          There was this complication that, at least in my view,
9     on the September 28, 2005 hearing, and what I wanted to do
10    today is to eliminate that.
11         So what I'm going to do is to say that unless I hear
12    promptly to the contrary -- and I mean within 24 hours -- it
13    will be the rule of this court that standing is established,
14    and proof of standing is established by showing ownership at
15    time of suit. And the opinion of March 20, 2006 will be -- I
16    will consider that you're making a motion for reconsideration
17    and the motion is granted, and I'll issue an amended ruling
18    accordingly.
19         MR. CHERNOV: Thank you, your Honor.
20         MR. BOCCUZZI: Your Honor --
```

63S9CILC.txt

21  THE COURT: And -- I'm just repeating myself, but the
22  different variations that might come up as to whether a
23  particular plaintiff has bought a bond or somebody else has
24  accelerated, that has to be pleaded. But we don't have to
25  establish -- have standing rules which take into account all

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                Conference                                    18

1   the possible circumstances that might arise in this litigation.
2   Okay.
3         MR. CHERNOV: Thank you.
4         MR. BOCCUZZI: Thank you, your Honor.
5         May I ask, going forward in these cases, we have been
6   now getting proof of purchase provided to us by the plaintiffs,
7   and again separate and apart from standing.
8         In terms of the Republic's understanding and the
9   Court's understanding, so we can bring it to your attention if
10  there are permutations, can we continue with the practice where
11  plaintiffs are producing -- not for this case but for future
12  cases where we have been doing it, where they do provide us
13  with that proof of purchase?
14        Because right now the pleadings, the way they're cast,
15  it just says Mr. X owns a bond. There's nothing about the date
16  they purchased it. There's nothing about in terms of how that
17  relates to acceleration.
18        So if they just provided it, a simple document that
19  shows when they purchased and then if there's something weird,
20  that's what litigation is about, we could bring it to the
21  court's attention.
22        THE COURT: What form do they provide this? As part
23  of their pleading?
24        MR. BOCCUZZI: You mean the document or the -- right
25  now they file their complaint. The complaint generally just

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                Conference                                    19

1   says Mr. X owns a bond. It doesn't talk about when a person
2   acquired it. Then we serve document demand. They don't
3   respond. They object to those, and then they make a motion for
4   summary judgment. And what we see are summary judgment papers
5   that attach a piece of current ownership, proof of that, if it
6   is, and then also a proof of purchase.
7         And all I'm saying is since they've gotten into this
8   mode because of the agreement wherein these cases going
9   forward, they give us the proof of purchase -- I'm not saying
10  it's standing, your Honor. I'm just saying why not just keep
11  having them produce it. There is no reason why they can't.
12        This way if there is some strange way a claim is
13  shaped up, we have some basis to look at it and present it to
14  the court if there is an issue.
15        THE COURT: In other words, you think that the -- as
16  people are making motions now, they read the September 28
17  minutes, they are aware of what's required.
18        MR. BOCCUZZI: I know that's what Mr. Chernov is
19  doing. He's here.
20        MR. CHERNOV: That's accurate, your Honor. Since
21  September 28 when we've moved for summary judgment we have
22  provided the Republic --
23        THE COURT: On new motions?
24        MR. CHERNOV: New motions. We've provided the
25  Republic with a current account statement and proof of

Page 9

63S9CILC.txt
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                Conference                             20

1    acquisition of the bonds.
2            THE COURT:  Forget what has been said.  What do you
3    recommend as the format to go forward?
4            MR. CHERNOV:  Your Honor, I recommend just what your
5    Honor found.  Current ownership.  That's what matters, how
6    these people acquired it and when they acquired it.  If they
7    acquired it in 1996 or they acquired it in 2001 should not be
8    required.
9            My feeling is that it often causes the plaintiffs whom
10   we represent a burden.  Not all these people have records --
11   they don't all do like I do and keep their securities nicely
12   ordered.  They have to go to the brokerage houses.  They have
13   to get them.  They have to request them.  Some of the brokerage
14   houses are out of business, and it hasn't been easy for them to
15   get them.
16           I don't think they serve a useful purpose.  I don't
17   think they should be necessary, but obviously, that was how I
18   understood your ruling and we acted accordingly.
19           But if you're asking for my statement as to what I
20   believe should be required, I do not believe they should be
21   required.  I believe that all that is necessary is a current
22   account statement as your Honor stated and for the reasons your
23   Honor stated.
24           THE COURT:  Let's suppose -- let's just go through
25   this.  Let's suppose somebody bought the interest before

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                Conference                             21

1    December 24, 2001, before the default, and still owns that
2    interest.  Now, I take it normally that person would affect an
3    acceleration.
4            MR. CHERNOV:  Correct, your Honor.  What happens is
5    they retain us and on behalf of the plaintiffs we have then
6    accelerated, as counsel on their behalf.
7            THE COURT:  Okay.  And if that happens it's pleaded in
8    the complaint?
9            MR. CHERNOV:  Correct, your Honor.
10           THE COURT:  If it hasn't happened, it can't be
11   pleaded?
12           MR. CHERNOV:  Correct again.
13           THE COURT:  And if they have bought before
14   December 24, 2001, and if there's been an acceleration, then
15   principal is due and all the unpaid interest is due?
16           MR. CHERNOV:  Correct.
17           THE COURT:  And that unpaid interest would be whatever
18   was involved in the original default and going forward, right?
19           MR. CHERNOV:  Correct.
20           THE COURT:  Now, if somebody buys let's say on
21   January 1, 2003 and let's suppose the prior owner didn't
22   accelerate -- the prior owner just held the bond and knew that
23   the interest wasn't being paid and sold at a discounted value,
24   that person has a cause of action, right?
25           MR. CHERNOV:  Correct.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                Conference                             22

1            THE COURT:  An owner of the bond still has a contract

Page 10

```
                         63S9CILC.txt
 2   with the Republic and the contract is not being fulfilled.
 3            Now the person can come to you and come to any
 4   attorney; and if there's a right to accelerate, there's still a
 5   right to accelerate?
 6            MR. CHERNOV:  Correct.
 7            THE COURT:  And thus, if that right to accelerate is
 8   properly exercised, the principal is due and all unpaid
 9   interest?
10            MR. CHERNOV:  Correct.
11            THE COURT:  Going back to December 24, 2001?
12            MR. CHERNOV:  Exactly.
13            THE COURT:  Now, if somebody sues -- let's say files
14   suit July, 2003, all they have to plead is that -- they have to
15   plead ownership, right?
16            MR. CHERNOV:  Correct.
17            THE COURT:  If they want to recover principal, they've
18   got to plead acceleration, right?
19            MR. CHERNOV:  Correct.
20            THE COURT:  And as far as interest, they simply plead
21   the interest as unpaid since December 24, 2001?
22            MR. CHERNOV:  Correct.
23            THE COURT:  That's their cause of action?
24            MR. CHERNOV:  Correct.
25            THE COURT:  And if they move for summary judgment, it
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
     63S9CILC                   Conference                          23
 1   seems to me that -- forgetting standing for a minute -- that's
 2   all they have to show for summary judgment?
 3            MR. CHERNOV:  That's our position, your Honor.
 4            THE COURT:  They have a cause of action.
 5            If those things are done, they've got a cause -- if
 6   they bought, there's acceleration and if -- if they bought,
 7   there's acceleration and of course there was the default, then
 8   they have a cause of action and they can get summary judgment
 9   on principal and unpaid interest?
10            MR. CHERNOV:  Correct, your Honor.
11            THE COURT:  Just a minute.  (Pause)
12            Literally -- this was the subject of the appeal -- the
13   bond owners have to sue.  They have standing.  And without
14   anything more, although the interest might have a cause of
15   action in the sense we've just talked about, it's the bond
16   holders who have the authority to sue, correct?
17            MR. CHERNOV:  Correct.
18            THE COURT:  Unless they authorize the interest holders
19   to sue?
20            MR. CHERNOV:  Correct.
21            THE COURT:  That's the technical way it stands?
22            MR. CHERNOV:  Right.
23            THE COURT:  Now --
24            MR. CHERNOV:  That's the question that the court left
25   open.  The court didn't rule on it and your Honor never ruled
                   SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
     63S9CILC                   Conference                          24
 1   on it.
 2            THE COURT:  On what?
 3            MR. CHERNOV:  Whether beneficial bond holders have
 4   standing to sue under the terms of the physical agency
 5   agreement.
 6            I believe the court of appeals -- and I haven't gone
                                Page 11
```

63S9CILC.txt

back and looked at it and I'm sure Mr. Boccuzzi can correct me -- I don't know that the court of appeals actually ruled that only the depository trust company and it's nominee, Cede & Co., have standing.

I believe what the court ruled was that it wasn't sufficiently developed in the record and sent it back to your Honor for further consideration.

THE COURT: I think that's correct.

MR. CHERNOV: I don't know if there was an explicit statement by the court.

THE COURT: The questions that were left open -- I can't remember but they were a little bit not so basic. They were a little bit kind of -- but you're technically right, but basically the message was that if there wasn't some kind of a blanket waiver or something, the structure -- the written structure has to obtain.

Now it seems to me what should have been done, on the remand, when we realized that the bond owners were never in this world going to bring suit, what we should have done is to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                     Conference                              25

say all that's necessary to prove standing and get by that point is to show you've got a cause of action. And instead we got into this somewhat complicated rigmarole on September 28.

Now, I don't want to cause further confusion and introduce a change which would cause confusion, but I do not think -- these cases keep being brought and so forth, so we've got a long road -- a lot ahead of us and it seems to me even though there is a change from what was said on September 28, 2005, it really -- we ought to go back and have it as simple as possible. If somebody wants to show the time of purchase when they file a motion for summary judgment, they can do that. And if there's some agreement between Cleary Gottlieb and plaintiff's counsel to do something simply by agreement, they can do that.

But as far as this court is concerned, it seems to me we ought to have a rule that what is necessary to show standing is simply to show a cause of action. And that means ownership, somebody accelerated, if there's a request for principal, and of course the interest follows as simply from the ownership. And that's what I'm going to say.

And again, I'll assume unless there's an objection that I hear about within 24 hours, that's the rule from here on out.

If, as a matter of some convenience, if counsel for plaintiffs and counsel for the Republic want to agree to have

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

63S9CILC                     Conference                              26

other documentation in connection with a motion for summary judgment, you can do whatever you want. But I want it as simple as possible.

So, the motion for reconsideration is granted. And the -- a new opinion will be issued amending so much as necessary to show that there is the -- the motion is granted.

MR. CHERNOV: Thank you, your Honor.

THE COURT: Thank you.

(Adjourned)

63S9CILC.txt

12
13
14
15
16
17
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

I